IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CAROLYN PEEK ALEXANDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 3:22-CV-44 (CAR) |
| | : | |
| GAIL DUNN; MAGISTRATE COURT | : | |
| OF GREENE COUNTY; NATASHA | : | |
| BROWN; and JUDGE OGLETREE; | : | |
| | : | |
| Defendants. | : | |

### ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is Plaintiff Carolyn Peek Alexander's Motion to Proceed *In Forma Pauperis* ("IFP"). Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Gail Dunn, the Magistrate Court of Greene County, Natasha Brown, and Greene County Magistrate Judge LaVerne Ogletree. For the reasons explained below, the Court **GRANTS** her Motion to proceed IFP [Doc. 2]. However, if Plaintiff wishes to maintain this action, **she must file a recast Complaint** within twenty-one (21) days of the date of this Order, which will supersede her original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

...

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), she must show that "because of [her] poverty, [she] is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of her poverty. Plaintiff receives $700 a month for disability payments, has no bank accounts, assets, or debts, and monthly expenses of

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

2

approximately $854.[5] Thus, Plaintiff qualifies as a pauper under §1915, and her Motion [Doc. 2] is **GRANTED**.

**B. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[8] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[9] and is

---

[5] Plaintiff's Application to Proceed *IFP* states her total monthly expenses as $0, but the total expenses listed appear to amount to $854 a month.
[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[10] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[11]

As is its duty, the Court has scrutinized Plaintiff's Complaint and liberally construed her assertions.[12] The Middle District of Georgia's *pro se* Complaint for Violation of Civil Rights form instructs plaintiffs to "[d]escribe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events" and "[i]f more than one claim is asserted, [to] number each claim and write a short and plain statement of each claim in a separate paragraph."[13] Plaintiff failed to do so.

Plaintiff alleges her civil rights were violated by the Greene County Magistrate Court, specifically by Magistrate Judge Ogletree and Clerk Natasha Brown.[14] But, Plaintiff does not specifically state how her civil rights were violated or particularly state the unlawful actions taken by each individual defendant.  Plaintiff seeks $15,000 in

---

[10] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[11] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[12] *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").
[13] Plaintiff's Complaint, [Doc. 1] at p. 4.
[14] *Id.*

damages for alleged "intimidation malice, defamation of [character], [and] false statements to police."

From the scant allegations, the Court cannot ascertain the nature of the claims Plaintiff attempts to assert against Defendants; how Defendants caused Plaintiff any harm; or whether any claim would be legally viable in this Court. As a result, the Court cannot determine a jurisdictional basis for this suit or properly screen Plaintiff's Complaint.[15] But it is clear Plaintiff attempts to assert claims against the Greene County Magistrate Court. Any claims Plaintiff attempted to bring against the Magistrate Court itself are **DISMISSED** because "[a] court is not subject to suit in its own name absent express statutory authority, and there is none in Georgia."[16]

The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one change to amend the complaint before the district court dismisses the action with prejudice."[17] Thus, rather than dismiss Plaintiff's Complaint, the Court will allow Plaintiff the opportunity to file a recast Complaint if she wishes to do so.

---

[15] A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[16] *Howard v. Brown*, 738 F. Supp. 508, 510 (S.D. Ga. 1988)

[17] *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 427 (11th Cir. 2010).

In the recast complaint, Plaintiff must describe her claims; allege all facts necessary to support her claims; identify and explain how **each Defendant's** actions violated her rights and caused her harm.  Because Plaintiff's claims against the Greene County Magistrate Court are **DISMISSED**, she may not assert new claims against the Magistrate Court in her recast complaint. Moreover, Plaintiff must inform the Court how it has subject matter jurisdiction to hear her claim. If the claim arises under federal law, Plaintiff must identify the federal law. If the claim is being brought under diversity of citizenship, Plaintiff must identify where the named Defendants reside.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.**  However, if Plaintiff wishes to proceed on the action, she **MUST** submit a recast Complaint within twenty-one (21) days from the date of this Order.  The recast Complaint must be filed in accordance with the directives contained in this Order.  If Plaintiff fails to respond within the twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will re-evaluate the Complaint pursuant to 28 U.S.C. § 1915(e).  **There will be no service of process until further order from the Court**.

**SO ORDERED**, this 4th day of May, 2022.

> s/ C. Ashley Royal_____
> C. ASHLEY ROYAL, SENIOR JUDGE
> UNITED STATES DISTRICT COURT